Mr. Willie Slater 9615 Cerelle Little Rock, AR 72205
Dear Mr. Slater:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the custodian of records for the Little Rock School District (your employer) to release a copy of your job application to a reporter for the "American Journal" (with all references to your social security number deleted) is consistent with the provisions of the Arkansas Freedom of Information Act or ("FOIA"), codified at A.C.A. §§ 25-19-101 to -107 (1987 and Supp. 1995).
You note that the application contains a reference to a felony conviction which occurred more than eight years ago, and you "are hereby appealing to the Attorney General for an opinion that this information should not be released."[1]
I must point out as an initial matter that the Arkansas FOIA provides that "[e]xcept as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State ofArkansas during the regular business hours of the custodian of the records." A.C.A. § 25-19-105(a). Emphasis added. It is unclear from the correspondence submitted whether the reporter for the "American Journal" is a citizen of the State of Arkansas. It has been stated that citizenship in Arkansas is a necessity for purposes of making an Arkansas FOIA request, but it has also been noted that an Arkansas citizen could easily request the records on behalf of and out-of-state person or entity. See Watkins, The Arkansas Freedom of Information Act (mm Press 2d ed. 1994) at 65-66. Thus, while the Little Rock School District is not, strictly speaking, obligated to release public records to noncitizens of the State of Arkansas under the FOIA, it may be a small matter for the "American Journal" reporter, if not an Arkansas citizen, to obtain the help of an Arkansas citizen in making the request on its behalf. This being the case, and in order to avoid a duplication of effort on the part of this office and all parties involved, I will proceed to address the merits of the question, which is whether the particular information you mention (the reference to a felony conviction) is subject to inspection and copying under the FOIA.
It is my opinion that the custodian's decision in this regard is consistent with the provisions of the FOIA and that all of the information appearing on the application (except social security number) must be released to any citizen of Arkansas.
This office has consistently opined that job applications, whether of successful or unsuccessful applicants, are generally subject to disclosure under the act. See Att'y Gen. Ops. 95-291; 95-113; 93-263; 93-114; 90-248; 88-133; 87-189; 87-154; 87-108; and 87-70. It has been opined that, with regard to unsuccessful applicants for employment, there is no applicable exception, and the applications must therefore be disclosed.[2] See Op. Att'y Gen. 95-291. It has also been opined, however, that with regard to successful applicants, as is the case here, the applications are subject to inspection and copying except to the extent that their release would constitute a "clearly unwarranted invasion of privacy." See A.C.A. § 25-19-105(b)(10) and Ops. Att'y Gen.95-113, 94-187 and 94-178. In such a case, the Arkansas Supreme Court employs a balancing test and weighs the employee's right to privacy against the public's interest in knowledge of the records. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). This becomes the relevant inquiry with regard to your job application. Would release of the information about which you have inquired (the felony conviction) result in a "clearly unwarranted invasion of personal privacy?" A similar question was addressed in Op. Att'y Gen. 95-113 (copy enclosed). The Superintendent of the Pulaski County Special School District in that case asked my opinion as to whether, among other things, the information concerning felony convictions appearing on job applications with the district was subject to release under the FOIA, or whether its release would constitute a "clearly unwarranted invasion of personal privacy." I stated as follows:
 The public has a very substantial interest in this information as regards school district employees. The public has a great interest in determining whether individuals having day-to-day contact with their children have such convictions or charges pending. The public also has a substantial interest in evaluating the judgment of its school officials in making hiring decisions with regard to such persons. The individual's privacy interest in this information is lessened, in my opinion, by the fact that this information would be, in most instances, already a matter of the public record. In most cases, information regarding criminal convictions and pending charges is available at local courthouses. It is therefore my opinion that the release of such information would not be a `clearly unwarranted invasion of privacy' under A.C.A. § 25-19-105(b)(10).
Op. Att'y Gen. 95-113 at 4 (footnotes omitted).
It appears that the information appearing on your job application reflecting a felony conviction which occurred "more than eight years ago," as you suggest, is a matter of public record in Pulaski County and may be obtained by any person from the Pulaski County Courthouse. In my opinion therefore, your privacy interest in this information is minimal, particularly in light of the paramount public interest in the information. There is some additional information supplied by you on the application with regard to criminal convictions, but I have been unable to determine whether this information is a matter of public record. While it may be difficult to weigh a privacy interest under such circumstances, I can nevertheless perceive of no instance in which your particular privacy interest in this type of information would outweigh the public's right to knowledge of the record. As stated previously, the public interest in learning this type of information is paramount. This public interest is reflected in recent legislation passed by the Arkansas General Assembly which requires certain criminal information on licensed employees of public school districts to be reported to the State Board of Education for the purposes of revoking the licenses of such individuals, unless revocation is waived by the State Board of Education; and requiring, effective July 1, 1996, criminal background checks on first time applicants for licensees from the State Board of Education; and prohibiting the licensure of persons pleading guilty or having been found guilty of certain offenses. See Act 1310 of 1995, codified as A.C.A. §§6-17-404 to -410 (Supp. 1995)
It is therefore my opinion that the information appearing on your job application in this regard must be released to any citizen of Arkansas.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Because I ultimately conclude that the application, including this information, is open to inspection under the FOIA, it is not inappropriate for me to make reference herein to the nature of the information which you wish to shield from view.
[2] This is true, of course, in some unlikely event, the application contains information which must be excised on constitutional grounds.See Op. Att'y Gen. 95-291. Of course, as to both successful and unsuccessful job applicants, information exempted by some other exemption or requirement, such as medical records, social security numbers, etc., is to be excised prior to release of the application.